```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION

ILARION SVET,

                    Plaintiff,
vs.                                Case No.  2:05-cv-376-FtM-33SPC

STATE OF FLORIDA, DEPARTMENT OF
HIGHWAY SAFETY AND MOTOR VEHICLES,
and TROOPER G. LORENZO,

                    Defendants.
_____/
```

**ORDER**

This matter comes before the Court upon Defendant State of Florida, Department of Highway Safety and Motor Vehicles' Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement (Doc. # 10), which was filed on August 26, 2005.  <u>Pro</u> <u>se</u> Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement on December 1, 2005.  (Doc. # 12).

Defendant, State of Florida, Department of Highway Safety and Motor Vehicles (DHSMV) seeks an order dismissing Plaintiff's complaint due to the doctrine of sovereign immunity and other substantive law.  In the alternative, Defendant seeks an order requiring Plaintiff to provide Defendant with a more definite statement of the complained of conduct and Plaintiff's theories of recovery.

I.      **Factual Background**

Plaintiff filed his pro se complaint on August 9, 2005. The allegations of Plaintiff's complaint, which this Court assumes to be true for the purpose of deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), are as follows. Plaintiff's daughter, Daria Svet, was in a car accident on May 15, 2005, in Fort Myers, Florida. Plaintiff arrived at the scene of the accident before Lee County Sheriffs and the Highway Patrol and attempted to aid his injured daughter. Plaintiff alleges that he did not interfere with the scene of the accident. Plaintiff states that "While at the scene the Plaintiff, Ilarion Svet did not interfere in any form or shape with the crash investigation. Plaintiff, Ilarion Svet identified himself to Lee Sheriff's and Florida Highway Patrol as a Deputy with Collier Cty. Sheriff's Office". (Doc. # 1 at 3).[1]

---

[1] Plaintiff has attached two exhibits to his complaint, and the juxtaposition of such exhibits gives this Court pause. First, Plaintiff has filed a certificate apparently issued by Don Hunter of the Collier County Sheriff's Office which provides the oath of office of the Collier County Sheriff's Office and bears Plaintiff's name. The signed oath is notarized, but states that the oath was not taken. The exhibit does not state that Plaintiff is a deputy Sheriff, it simply states the Oath of office, and bears Plaintiff's name.
The second exhibit is a memorandum apparently issued to police officers by the Florida Department of Law Enforcement (FDLE) that describes in detail the decision of the Florida Supreme Court in Sult v. State, 906 So. 2d 1013 (Fla. 2005). The memorandum explains that the Florida Supreme Court ruled that Florida Statute 843.085 was vague and overbroad, and, therefore, invalid. The memorandum focused on advising police not to make arrests based solely on the fact that an individual wears apparel bearing Police

2

Plaintiff states that after he identified himself as a Deputy with the Collier County Sheriff's Office to the Florida Highway Patrol and Lee County Sheriffs, he was illegally detained by Florida Highway Patrol, Trooper G. Lorenzo, whose identification number is 2318/1505.  Plaintiff states that he was detained for "more than 20 minutes in the back of the patrol car without reasonable articulated suspicion and restrain the Plaintiff to aid his daughter and follow her at the hospital." (Doc. # 1 at 3).  In addition, Plaintiff asserts that Trooper Lorenzo threatened Plaintiff with "arrest, deportation, felony impersonating a Sheriff Deputy by wearing a Sheriff rain jacket with Sheriff logo on the back of it." (Id.)  Plaintiff asserts that the rain jacket was "issued to him by Collier County Sheriff's Office." (Doc. # 1 at 3).

Plaintiff argues that Trooper Lorenzo discriminated against Plaintiff, a person of Romanian descent, due to his national origin.[2]  In addition, Plaintiff argues that, as a result of

---

or Sheriff insignia.
    Thus, exhibit A seems to be filed to lead the Court to the conclusion that Plaintiff is somehow affiliated with the Sheriff's Office and Exhibit B, which emphasizes that it is not illegal for non-Sheriffs to wear Sheriff's attire, would only be relevant in the case that Plaintiff is not affiliated with the Sheriff's Office.
    From a close reading of Plaintiff's complaint, this Court cannot determine whether Plaintiff honestly asserts that he is a deputy Sheriff, or not.

    [2] Plaintiff's complaint does not indicate Plaintiff's national origin.  Plaintiff's response in opposition to Defendants' motion

Trooper Lorenzo's conduct, Plaintiff's life was endangered and that Plaintiff has suffered "emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity and other non-pecuniary losses and intangible injuries." (Doc. # 1 at 4). Finally, Plaintiff asserts that Trooper Lorenzo "abused the power of a Law Enforcement Officer by placing the Plaintiff, Ilarion Svet in the cage of the patrol car unlawfully for questioning." (Id.)

Plaintiff's complaint contains two counts. Count I asserts that Defendants violated the Florida Civil Rights Act of 1992 Fla. Stat. Ch. 760.01, et seq. and also violated other Florida Statutes.[3] Count II asserts that Defendants violated the Fourth Amendment of the United States Constitution by illegally seizing Plaintiff and detaining him.[4]

---

to dismiss provides that Plaintiff is of Romanian descent, but has been a naturalized United States citizen for over ten years. (Doc. # 12 at 1).

[3] Plaintiff's complaint also alleges that Defendant Trooper Lorenzo violated Florida's "Stop and Frisk Law" which is contained in Chapter 901.151 of the Florida Statutes. In addition, Plaintiff mentions, without further analysis, the following Florida Statutes: 901.17 (entitled "Method of arrest by officer without warrant); 943.085(entitled "Legislative intent with respect to upgrading the quality of law enforcement officers and corrections officers"); 843.08 (entitled "Falsely personating officer, etc."); and 843.0855(entitled "Criminal actions under color of law or through use of simulated legal process").

[4] Plaintiff refers to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et seq., in Plaintiff's statement of jurisdiction, yet fails to assert a count under this statute.

4

Plaintiff seeks monetary damages in the amount of $650,000.00 and a public apology.

## II. Standard

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party.  See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).  In addition, in the case of a pro se plaintiff, the Court should construe the complaint more liberally than it would construe a complaint drafted by an attorney.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002).  However, the lenient standard afforded to a pro se litigant does not exempt the pro se litigant from complying with any relevant substantive law and procedural rules.  Sanders v. Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993).

Dismissal of a count for failure to state a claim is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  75 Acres, LLC v. Miami-Dade County, Fla., 338 F.3d 1288, 1293 (11th Cir. 2003)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**Analysis**

Defendant has asserted a motion to dismiss, or, in the alternative, a motion for a more definite statement.

Defendant, State of Florida, Division of Highway Safety and Motor Vehicles, argues that it is immune from suit due to the Eleventh Amendment of the United States Constitution, and Plaintiff has failed to argue that this immunity has been waived. In addition, Defendant argues that Plaintiff has failed to allege that he has exhausted applicable administrative remedies. Defendant also argues that Plaintiff's complaint should be dismissed because Plaintiff fails to properly assert his claims against Defendants.

This Court agrees that Plaintiff's complaint suffers from some serious procedural deficiencies. First, Plaintiff states that this Court's jurisdiction is grounded in the Civil Rights Act of 1964 (Title VII) and the 1991 Amendments at 42 U.S.C. § 2000e. However, Plaintiff's complaint, based on Plaintiff being improperly seized, possibly due to his national origin, has nothing to do with Plaintiff's employment. Title VII prohibits employers from discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment because of the individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1); Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 582 (11th Cir. 2000), cert. denied, 531 U.S. 1076 (2001). Here, Plaintiff's statement that this Court has jurisdiction based on

Title VII seems to be in error.

In addition, Plaintiff's complaint does not set out Counts I and II in a manner that would allow the Defendants to know what they are being accused of.  For instance, paragraph 13 of Plaintiff's complaint, the first paragraph of Count I, states, "Defendant's conduct violates The Florida Civil Rights Act of 1992, 760.01-760.11 entitling Plaintiff to damages thereunder." (Doc. # 1 at 4).  Not only is it impossible to determine whether Plaintiff accuses Defendant State of Florida, Department of Highway Safety and Motor Vehicles or Trooper Lorenzo with violations of the Florida Civil Rights Act, it is also impossible to know what alleged act or statement Plaintiff alleges violated Florida's Civil Rights Statute.  The statute's parts address general civil rights (including employment discrimination), the Fair Housing Act, Miscellaneous Provisions, Minority Representation in Certain Bodies, Environmental Equity and Justice, Religious Freedom, and Health Care Advance Directives.  Plaintiff's complaint is vague, and provides no clarification on what section of the Florida Civil Rights Act he is suing under.

In addition, as pointed out by Defendant, the Florida Civil Rights Act has in place a vast administrative scheme and requires complainants, such Plaintiff, to exhaust administrative remedies. Plaintiff's complaint does not state that Plaintiff has exhausted such administrative remedies.  Further, Defendant's motion accuses

Plaintiff of not exhausting administrative remedies, and Plaintiff's response in opposition to the motion to dismiss fails to rebut the statement that Plaintiff has failed to exhaust administrative remedies.

In addition, Plaintiff mentions several other Florida Statutes: 901.17 "Method of arrest by officer without warrant"; 943.085 "Legislative intent with respect to upgrading the quality of law enforcement officers and corrections officers"; 843.08 "Falsely personating officer, etc."; and 843.0855 "Criminal actions under color of law or through use of simulated legal process" but Plaintiff fails to link any of the conduct described with these statutes, and fails to explain which of the two defendants the accusations are brought against.

With regard to Count II, similar problems exist. The State of Florida brings a strong argument in favor of dismissal under the Eleventh Amendment of the Constitution. In Plaintiff's response to Defendant's motion to dismiss, particularly with regard to the Eleventh Amendment, Plaintiff asserts: "It is likely that the State is correct–that the Plaintiff cannot assert a viable claim against the State (or any individual prosecutor) but since the Plaintiff is acting pro se should be afforded an opportunity to flesh his complaint and describe just what factual circumstances give rise to his complaint, what relief [he] is seeking, and against whom." (Doc. # 12 at 2).

Here, Plaintiff's current complaint is deficient, and Plaintiff acknowledges such. However, rather than dismissing Plaintiff's complaint with prejudice, this Court affords pro se Plaintiff a second chance to assert any viable claim he may have against the Defendants in this cause. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint within **TWENTY DAYS** of the date of this order.

As plaintiff is proceeding pro se, the Court will take this opportunity to explain some of the responsibilities and obligations that he bears as a pro se party. In filing an Amended Complaint, Plaintiff must conform to the pleading requirements of Federal Rules of Civil Procedure 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs. The document should be entitled "Amended Complaint." Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes. Plaintiff must provide support in the statement of facts for the claimed violations. Further, in the body of the Amended Complaint Plaintiff should clearly describe how each named defendant is involved in the alleged claim. Plaintiff must provide support in the statement of facts for the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must also state

which defendants are being sued for each particular count of the Amended Complaint.

### III. Service of Process

Upon review of the file, the Court also notes that Plaintiff filed the Complaint (Doc. # 1) on August 9, 2005. Plaintiff named two Defendants in the Complaint: the State of Florida, Department of Highway Safety and Motor Vehicles and Trooper G. Lorenzo.

This Court issued a summons as to the State of Florida, Department of Highway Safety and Motor Vehicles on August 12, 2005. Also, on August 12, 2005, pursuant to Plaintiff's request, this Court issued a waiver of service form to Defendant State of Florida, Department of Highway Safety and Motor Vehicles. Defendant State of Florida, Department of Highway Safety and Motor Vehicles did waive service of summons.  (Doc. # 11).  However, there is no indication in the file showing that Plaintiff has effected service on Trooper G. Lorenzo. No summons has been issued by this Court as to Trooper G. Lorenzo.

Under Federal Rule of Civil Procedure 4(c), "[t]he plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint." See also Fed. R. Civ. P. 4(h). Plaintiff was required to complete service of the summons and complaint within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). That

10

time has now expired, and it appears that Plaintiff has failed to do so as to Trooper G. Lorenzo. Under Federal Rule of Civil Procedure 4(m), the Court "after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

As stated, this Court has dismissed pro se Plaintiff's Complaint (Doc. # 1) without prejudice. Plaintiff may file an amended complaint within twenty days of the date of this order. If Plaintiff wishes to sue both the State of Florida and Trooper G. Lorenzo, Plaintiff must comply with the Federal Rules of Civil Procedure, particularly Rule 4 which explains proper service of process.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendant's Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement (Doc. # 10) is **GRANTED** to the extent that pro se Plaintiff's complaint (Doc. # 1) is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint within twenty days of the date of

this order.  If Plaintiff fails to amend within **TWENTY DAYS,** this case will be closed.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 23rd day of January, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record